NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
TAJ ELLIOT,                         :
                                    :   Civil Action No. 13-5934 (ES)
             Petitioner,            :
                                    :
       v.                           :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
             Respondent.            :
_____ :

**SALAS, DISTRICT JUDGE**

Presently before the Court is the Petition of Taj Elliot ("Petitioner") brought pursuant to 28 U.S.C. § 2255. (D.E. No. 4, Amended Petition ("Am. Pet.")). In response to this Court's Order to Answer (D.E. No. 5), Respondent United States of America ("Respondent") filed its response (D.E. No. 6) and Petitioner filed a Reply (D.E. No. 7). For the following reasons, the Court DENIES the Petition, and declines to issue a certificate of appealability.

**I.  BACKGROUND**

On August 16, 2012, Petitioner entered a guilty plea to a superseding information that charged him with: (1) Count 1 – conspiracy to commit carjacking on January 10, 2011; (2) Count 2 – carjacking on January 10, 2011; and (3) Count 3 – brandishing a firearm in furtherance of the carjacking charged in Count Two. (*United States v. Elliot*, Crim. Action No. 12-07, D.E. Nos. 23, 25-27). On October 22, 2012, this Court sentenced Petitioner to imprisonment for a term of 63 months on each of Counts 1 & 2 to run concurrently and imprisonment for a term of 84 months on Count 3 to run consecutively to Counts 1 & 2. (*Id.* at D.E. No. 29). Petitioner did not file a direct appeal.

1

On October 4, 2013, Petitioner filed a motion pursuant to § 2255. (D.E. No. 1). Pursuant to this Court's *Miller*[1] order (D.E. No. 3), Petitioner submitted an Amended Petition. (D.E. No. 4). The Amended Petition raises two grounds for relief:

> Ground One: I should not have been sentenced to a 7 year mandatory minimum for brandishing a firearm-924(c)(l)(a), my minimum should have been 5 years.
>
> Ground Two: The defendants [sic] criminal history score is incorrect in that he received points for 2 convictions that are not final judgements [sic].

(Am. Pet. at 5, 6). Respondent filed its Answer in opposition (D.E. No. 6) and Petitioner filed his Reply (D.E. No. 7).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody under a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon the grounds that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; or (3) "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A court, in considering a § 2255 motion, must accept the truth of a movant's factual allegations unless they are frivolous on the basis of the existing record. *See United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (citation omitted). A court must "give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). A court may deny the motion without holding an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b).

---

[1] *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).

**B. Analysis**

**1.** *Alleyne* **(Ground One)**

In his first ground for relief, Petitioner argues that he should not have been sentenced to a seven-year mandatory minimum for brandishing a firearm under 18 U.S.C. § 924(c)(l)(a) because he was not aware that the government would have had to prove that he brandished a firearm beyond a reasonable doubt, pursuant to the Supreme Court's ruling in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013). (*See* Am. Pet. at 5). Petitioner alleges that had he been aware, he would not have pled guilty. (*See id.*).

In *Alleyne*, the Supreme Court extended its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to require that any fact which increases the mandatory minimum sentence of an offense be found by a jury beyond a reasonable doubt as any such fact is essentially an element of the offense in question. *Alleyne*, 133 S. Ct. at 2158 ("Facts that increase the mandatory minimum are . . . elements and must be submitted to the jury and found beyond a reasonable doubt.").

Here, as an initial matter, Petitioner's judgment of conviction was entered on October 25, 2012 and he did not file a direct appeal. Therefore, his conviction became final on November 8, 2012,[2] and the *Alleyne* decision from 2013 would only affect Petitioner's case if it were made retroactive to cases on collateral review. As the Third Circuit has explained, however, the "decision to make *Alleyne* retroactive [to cases on collateral review] rests exclusively with the Supreme Court, which has chosen not to do so." *See United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014). Thus, *Alleyne* does not apply retroactively to cases on collateral review, and will

---

[2]   *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired."); FED. R. APP. P. 4(b)(1)(A)(i) (fourteen days to file appeal in criminal case*)*.

not do so unless and until the Supreme Court so holds.  *See id.*; *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Because *Alleyne* does not apply retroactively to cases on collateral review, and because Petitioner's conviction became final in November 2012 when he failed to file a direct appeal, *Alleyne* does not apply to Petitioner's case.  *See Reyes*, 755 F.3d at 213.  As such, even if Petitioner had a meritorious *Alleyne* claim, it would be of no benefit to him.

While *Alleyne* is not applicable to him, the Court nevertheless notes that he would not be entitled to relief even if it was applicable.  During his plea colloquy, Petitioner specifically admitted to the facts that were necessary to subject him to the mandatory minimum of seven years for brandishing under the statute when he acknowledged that he and his co-conspirators took a car from a victim at gunpoint and a loaded gun was pointed at the victim in order to force him to surrender the car. (*United States v. Elliot*, Crim. Action No. 12-07, Plea Hr'g Tr. 28:22-30:6, D.E. No. 22); *see* 18 U.S.C. § 924(c)(4) ("For purposes of this subsection, the term 'brandish' means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.").

If a defendant pleads guilty, the elements of the charged offense have been established by his own testimony.  *See Brown v. United States*, No. 13-5392, 2016 WL 4059652, at *5 (D.N.J. July 27, 2016) (citing *Blakely v. Washington*, 542 U.S. 296, 303 (2004) and *United States v. Booker*, 543 U.S. 220, 244 (2005)); *see also United States v. Ramirez*, 528 F. App'x 678, 679-80 (7th Cir. 2013) (admission as to drug quantity in plea colloquy "negated the need for the district court to make a finding beyond a reasonable doubt regarding drug quantity"); *United States v. Yancy*, 725 F.3d 596, 601-602 (6th Cir. 2013) (admission of critical facts by a defendant during his plea colloquy negates any need for a jury to find those facts beyond a reasonable doubt).  Thus,

Petitioner's admissions alone subjected him to the mandatory minimum of seven years, and no *Alleyne* violation resulted from Petitioner being subjected to that minimum.

### 2. Criminal History (Ground Two)

In his second ground, Petitioner argues that his criminal history calculation was incorrect because he received points for two New Jersey Superior Court convictions, which are "pending vacation" because "they were products of an unconstitutionally entered guilty plea in that the defendant was not competent to enter into a plea due to his full scale I.Q. of 62 (borderline mentally retarded)."

The Court notes initially that Petitioner has provided no support for his assertion that his two New Jersey state court convictions have been re-opened and are "pending vacation." However, assuming that is accurate, Petitioner is still not entitled to relief at this time. In *Custis v. United States*, the Supreme Court held that a defendant may challenge the propriety of a previous state conviction that affects his current federal sentencing only where (1) he alleges the "unique constitutional defect" was a denial of his right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), in the proceedings leading to such prior conviction, or (2) the statute under which he is currently being sentenced explicitly provides for the ability to collaterally attack "prior convictions used for sentence enhancement purposes." *United States v. Napolitan*, 830 F.3d 161, 165 (3d Cir. 2016) (citing *Custis*, 511 U.S. 485, 490-97 (1994)). The Third Circuit has recognized that there is no *Custis* exception in the language of the criminal history provisions of the U.S. Sentencing Guidelines. *Napolitan*, 830 F.3d at 165 (citing *United States v. Escobales*, 218 F.3d 259, 261-263 (3d Cir. 2000) & *United States v. Thomas*, 42 F.3d 823, 824-25 (3d Cir. 1994)). As relevant here, in *Daniels v. United States*, the Supreme Court extended *Custis* to hold, subject to the same exception for *Gideon* claims, that a federal prisoner may not attack a predicate state

5

conviction through a § 2255 motion challenging an enhanced federal sentence. *Johnson v. United States*, 544 U.S. 295, 304 (2005) (citing *Daniels v. United States*, 532 U.S. 374, 376 (2001)).

In this case, as admitted by Petitioner, the underlying state convictions which were used to calculate his criminal history under the Sentencing Guidelines are "pending vacation," but are nevertheless still valid. As such, Petitioner is not entitled to relief at this time. If the state court does vacate or otherwise invalidate the relevant convictions, the proper procedure would be for Petitioner to move for § 2255 relief at that time. *See Custis*, 511 U.S. at 497; *Daniels*, 532 U.S. at 381).

### III. CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### IV. CONCLUSION

For the foregoing reasons, the Court will deny the Petition and decline to issue a certificate of appealability. An appropriate order follows.

>  *s/ Esther Salas*
>  **Esther Salas, U.S.D.J.**